Mr. Justice Moore
delivered the opinion of the Court.
Defendant in error, hereinafter referred to as Wells, was convicted in the justice court of the City and County of Denver of a violation of C.R.S. ’53, 40-10-9, the pertinent portions of which read as follows:
“If any person shall keep or exhibit any gaming tables, establishment, device or apparatus to win or gain money or other property, or shall aid, assist or permit others to *541 do the same, * * * he shall be deemed and taken to be a common gambler * *
An appeal was taken to the superior court where upon trial Wells moved for dismissal at the close of the evidence offered by the people, contending that there was no evidence upon which a judgment of guilt could be sustained. Exhibits which were taken from Wells by arresting officers were introduced, consisting of six sheets of paper which contained the names (in code) of persons who had made bets on the outcome of sports events, with the amount of money wagered by each. A copy of the Daily Racing Form dated January 9, 1961, was introduced, together with a page from a Denver newspaper dated January 10, 1961, showing the results of races run on the previous day.
In support of his motion to dismiss, counsel for Wells argued that the material above mentioned, given by Wells to arresting officers, was at most a mere recordation of bets and therefore did not fall within the purview of the statute above quoted.
The trial court granted the motion to dismiss and entered judgment accordingly.
' The only other evidence introduced to' prove the charge was that arresting officers saw defendant enter a taxicab after leaving a certain apartment house in Arapahoe county; that they followed the cab to “approximately Speer and Broadway, where we stopped this taxicab and talked with the defendant”; that this conversation took place in the driveway leading into a filling station; that during the conversation defendant reached inside his left coat pocket and handed some folded sheets of paper to one of the officers and said, “I guess this is what you want.” The police officer testified: “I folded the sheets of paper that he gave me and asked him what they were, and he said they were bets. I asked if they were in his handwriting and he said they were.”
In dismissing the charge against defendant the trial court held that the record of bets which defendant *542 said had been made at some earlier time, was not a “device or apparatus to win or gain money or other property * * *” within the coverage of the statute. There was no evidence that the defendant kept an “establishment,” in Denver or elsewhere, for the purposes of gambling. All that appears from the evidence is that the papers above described were in his possession.
We find no error in the conclusion of the trial court that, although the papers may be a record of betting transactions, they do not contsitute a “device whose purpose is to gamble upon or with.”
The judgment is affirmed.